UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| REBECCA A. DAVIS AND REBECCA A. DAVIS FNP-C, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>BTL INDUSTRIES, INC., CYNOSURE, INC., FIRST FEDERAL BANK AND TRUST, STEARNS BANK, NA, GREENWOODS EQUIPMENT FINANCE, LLC, ME AND MY PAL, INC., MMP CAPITAL, LLC AND BANLEACO, INC. <br><br>Defendants. | Case No: 3:24-cv-00328 <br><br>JUDGE: SHELLY D. DICK <br><br>MAGISTRATE JUDGE: SCOTT D. JOHNSON |

### ME AND MY PAL, INC. AND MMP CAPITAL, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants Me and My Pal, Inc. ("Me and My Pal") and MMP Capital, LLC ("MMP Capital") (collectively "MMP"), by and through their undersigned counsel, hereby submit this Reply in Support of their Motion to Dismiss Plaintiffs' Amended Complaint ("Reply") as follows:

**I.     INTRODUCTION**

Despite MMP having already obtained a judgment in New York against Plaintiffs in connection with the same Equipment Finance Agreements ("EFAs") at issue in this action, specifically the Potenza and Exion/Emtone workstations (the "Equipment"), and contrary to the mandatory forum selection clauses contained in the EFAs requiring all disputes be heard in a court sitting in Nassau County, New York, Plaintiffs ask this Court to improperly exercise jurisdiction over MMP and adjudicate claims against MMP in an improper venue – claims they have waived by not asserting them in the earlier action. Thus, Plaintiffs ask this Court to ignore the earlier-filed New York lawsuit against them that is based on the same operative facts as the present case. They

1

also ask this Court to disregard the mandatory forum selection clauses contained in the EFAs that they signed, attached to their pleading, and fail to allege the clauses were procured by fraud. Moreover, Plaintiffs request that this Court ignore their failure to effect proper service of their summons and Amended Complaint on MMP. Therefore, this Court must grant MMP's Motion to Dismiss (Doc. 62) pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (5), and pursuant to the first-to-file doctrine.

## II.     ARGUMENTS AND AUTHORITIES

### a. Plaintiffs have failed to address the suit filed by MMP in New York involving the same operative facts of this action.

Under the first-to-file rule, the Fifth Circuit has adhered to the presumption favoring the forum of the first-filed suit where two actions involving overlapping issues and parties are pending in two courts. *Waguespack v. Medtronic, Inc.*, 185 F.Supp.3d 916, 922 (M.D. La. 2016); *Save Power Ltd. V. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Here, Plaintiffs' only response in opposition to the application of this doctrine is that the forum selection clause in each of the EFAs should be rescinded based on their nebulous claims of fraud – claims expressed disclaimed in the merger clauses of the EFA they signed and attached to their pleading. (Doc. 70, at 5). Plaintiffs otherwise completely fail to address the judgment that a New York court has already rendered against Plaintiffs and in favor of MMP in connection with the same operative facts and same Potenza, Exion, and Emtone EFAs and Equipment that are at the center of this action. MMP's New York suit was filed over four months before their action in this Court and MMP obtained a judgment against Plaintiffs for their failure to make the required payments under the Potenza and Exion/Emtone EFAs. (Doc. 62-1, at ¶ 20; Ex. 4).

Plaintiffs now seek to avoid the consequences of the first-to-file rule by claiming they were fraudulently induced to enter into the EFAs. But Plaintiffs had the opportunity to present this

2

defense, and assert compulsory counterclaims in the New York case. However, they failed to appear or file any responsive pleading in connection with the New York lawsuit filed against them. (Doc. 62-1, at ¶¶ 18-19).  In their Opposition to MMP's Motion to Dismiss, Plaintiffs give no explanation for their failure to do so, despite the fact that Plaintiffs were obligated to bring the current claims against MMP in the New York suit. *See Montgomery Elevator Co. v. Building Engineering Services Co*., 730 F.2d 377, 380 (5th Cir. 1984) (finding that if a party fails to assert conclusory counterclaims in the original action, they are deemed waived).  Instead, Plaintiffs are attempting to get a second bite at the apple, without even addressing their failure to assert conclusory counterclaims in the earlier action.  As such, Plaintiffs' claims against MMP must be asserted, if at all, in the earlier-filed case, and are barred in this action under the first-to-file rule.

### b. Plaintiffs have failed to effect proper service under the Federal Rules of Civil Procedure.

Plaintiffs argue that MMP was properly served with the summons and the Amended Complaint pursuant to Rule 4(h)(1)(A) and (e)(1) and Louisiana's Long-Arm Statute, La. R.S. 13:3204. (Doc. 70, at 5).  Under Rule 4(h)(1)(A), Plaintiffs are allowed to serve a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made.  Plaintiffs do not argue that they effected proper service under New York law, where service was made, but rather that they effected service pursuant to the Louisiana Long-Arm Statute. (Doc. 70, at 5)

Under the statute cited by Plaintiffs, specifically, La. R.S. 13:3204, in order to properly serve a nonresident defendant, "a certified copy of the citation . . . shall be sent by counsel for plaintiffs or by the plaintiff not represented by counsel, to the defendant by registered mail, or actually delivered to the defendant by a commercial courier."  Here, Plaintiffs allege that they met the requirements under the statute by "actual delivery to the defendant by commercial courier,

3

Federal Express, at MMP's designated address." (Doc. 70, at 5) But, this citation was not delivered to MMP's designated agent. (Doc 62, at 21) Instead, the citation was delivered via Federal Express Delivery to the receptionist/front desk. (Doc 43-33). This does not meet proper service under the Louisiana Long-Arm Statute. *See Miller v. Hernandez*, No. 22-4412, 2023 U.S. Dist. LEXIS 64746, at *6 (E.D. La. Apr. 13, 2023).

In their Opposition to MMP's Motion to Dismiss, Plaintiffs state that "MMP does not cite to any case to show that service under the Louisiana Long-Arm Statute was improper." (Doc 70, at 5). However, MMP directs the Court to the above-referenced case, *Miller v. Hernandez*, in which the plaintiffs attempted to meet the requirements under the Louisiana Long-Arm Statute by improperly serving their complaint via mail to the defendant's manager. *Id*. There, the court found that such service was insufficient. *Id*. Similarly, Plaintiffs have improperly served their Summons and Amended Complaint on MMP via mail to its reception/front desk staff, which is likewise insufficient under Louisiana law.

Because Plaintiffs failed to effect proper service of the summons and complaint on MMP under Federal Rule of Civil Procedure 4, New York law, and the Louisiana Long-Arm Statute, this Court should dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(5).

### c. Plaintiffs have failed to show that the forum selection clause itself was inserted through MMP's alleged fraudulent inducement.

Forum selection clauses are prima facie valid. *International Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 2007). Unless it is shown by the resisting party to be unreasonable under the circumstances, such forum selection will be found enforceable. *PCL Civ. Constructors, Inc. v. Arch. Ins. Co.*, 979 F.3d 1070, 1072 (5th Cir. 2020). Further, courts should enforce such clauses unless the resisting party could clearly show that enforcement would be unreasonable and unjust, or that the clause itself was invalid for reasons such as fraud of overreaching. *International*

4

*Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996). The party resisting enforcement on such grounds bears a heavy burden of proof. *Haynsworth v. Corporation*, 121 F.3d 958, 963 (5th Cir. 1997). Here, Plaintiffs have failed to meet their heavy burden, warranting dismissal of their claims against MMP.

Not only have Plaintiffs failed to acknowledge the *mandatory* forum selection clause contained in the EFAs, which they now concede are indeed mandatory (*see* Doc. 70, at 3), but Plaintiffs have also failed to make any allegation that the forum selection clause is unreasonable and therefore should not be enforced. (*See generally*, Doc. 23; Doc. 70). Instead, Plaintiffs argue that the mandatory forum selection clause in the EFAs should be rescinded because Plaintiffs were fraudulently induced by MMP and other Defendants to purchase the Equipment and enter into the EFAs with MMP. (Doc. 70, at 3). In support of this argument, Plaintiffs make the dubious contention that their shotgun pleading stated a fraudulent inducement claim against MMP with particularity as to their execution of the EFAs. They ignore the fact that the EFAs attached to their pleading contain a merger clause expressly disclaiming their fraudulent inducement claim against MMP.

But Plaintiffs' allegations fall woefully short of asserting fraudulent inducement as a basis to attack the validity of the forum selection clause in the EFAs, which requires alleging fraud *specific* to the forum selection clause itself. *Haynsworth v. Corporation*, 121 F.3d at 963. This means that the forum selection clause in a contract is unenforceable only if the inclusion of that specific clause in the contract was a product of fraud. *Braspetro Oil Servs. Co. - Brasoil v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 616 (5th Cir. 2007). Allegation of such conduct as to the contract as a whole or a portion of it other than the forum selection clause is insufficient, as the claims of fraud must be aimed straight at the forum selection clause to succeed. *Id*. at 616-617. Plaintiffs,

however, have failed to make any such allegation. Therefore, Plaintiffs' fraud argument must be wholly disregarded and their claims dismissed based upon the mandatory forum selection clauses found in each of the EFAs attached to Plaintiffs' Amended Complaint.

### d. Plaintiffs have failed to show this Court has personal jurisdiction over MMP.

Personal jurisdiction over a defendant exists only if (1) the forum state's long-arm statute extends to the defendant; and (2) the exercise of such jurisdiction is consistent with due process. *Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.2d 602, 609 (5th Cir. 2008)). Louisiana's long-arm statute extends as far as permitted by due process, merging these two factors. *Rainey v. J&S Truck Sales, LLC*, 614 F.Supp.3d 293, 299 (M.D. La. 2022). Constitutional due process for the extension of specific jurisdiction over a non-resident defendant where the cause of action arises out of the defendant's contact with the forum state such that the defendant should reasonably anticipate being hauled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1980).

Plaintiffs offer no arguments to satisfy constitutional due process in allowing their claims against MMP to be pursued in this Court. Their argument that because the EFAs were signed by Ms. Davis, a Louisiana resident, in Baton Rouge, Louisiana, falls substantially short of establishing personal jurisdiction over MMP. *See White v. Yax Ecommerce, LLC*, No. 23-3847 SECTION: D (1), 2023 U.S. Dist. LEXIS 198507, at *2 (E.D. La. Nov. 6, 2023) (finding that a defendant's connection with a plaintiff, a Louisiana resident, standing alone, is insufficient for a court to exercise specific personal jurisdiction). In the same vein, this Court does not have personal jurisdiction over MMP simply because it financed Equipment purchased from a third-party by Plaintiff that the third party delivered to Plaintiffs in Baton Rouge, Louisiana.

6

Instead, the crux of Plaintiffs' argument centers around MMP's grant of a security interest in the Equipment and recording of a UCC-1 in Baton Rouge, Louisiana. (Doc. 70, at 4-5) This argument likewise fails. Under the Louisiana Long Arm Statute, "a court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident transacting business in [the State of Louisiana] . . . **or** on any basis consistent with the constitution of the state of Louisiana and of the Constitution of the United States". La. R.S. Ann. § 13:3201(A)(1), and (B) (emphasis added). Therefore, in order for this Court to assert personal jurisdiction over MMP, it must find that MMP was transacting business in the state of Louisiana and that such exercise of jurisdiction is consistent with the due process requirements of the constitution of the State of Louisiana and the Constitution of the United States.

Other district courts have analyzed similar statutes and found that possession of a security interest in property located in the forum state was insufficient to confer personal jurisdiction over possessor under "transacting business" of that state's long arm statute absent other contacts with the forum state. *See National Can Corp. v. K Beverage Co.*, 674 F.2d 1134, 1137 (6th Cir.1982); *Kyle v. Cont'l Capital Corp.*, 575 F.Supp. 616, 621 (E.D.Pa.1983); *Fin. Co. of Am. v. BankAmerica Corp.*, 493 F.Supp. 895, 901–02 (D.Md.1980). Moreover, MMP's filing of its security interest is insufficient to confer jurisdiction over MMP to this Court. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296 (10th Cir.1999) (holding that the defendant's filing of security interests in the forum state was insufficient to confer general jurisdiction); *Occidental Fire & Cas. Co. of N.C. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 689 F.Supp. 564, 567–68 (E.D.N.C. 1988) (noting that a bank's filing of security interests in the forum state "is not a 'voluntary' effort to do business," and thus not sufficient to confer personal jurisdiction, because the bank does not control

7

where its customers locate their collateral). Therefore, Plaintiffs' attempt to confer personal jurisdiction over MMP due to their security interest in the Equipment likewise fails.

Further, Plaintiffs fail to point to any contacts that MMP has in the State of Louisiana that could establish personal jurisdiction, as none exist. (Doc. 62-1, at ¶¶ 12-14). Accordingly, this Court should dismiss Plaintiffs' claims against MMP for lack of personal jurisdiction.

### III.    CONCLUSION.

Because Plaintiffs have violated the first-to-file rule, failed to effect proper service on MMP, have failed to make any allegations that the forum selection clause itself was a product of fraud in the inducement, and because they have failed to prove that this Court has personal jurisdiction over MMP, MMP respectfully requests that this Court grant its Motion to Dismiss (Doc. 62) and dismiss all of Plaintiffs' claims against MMP.

Respectfully Submitted,

 /s/ John E. W. Baay II
JOHN E. W. BAAY II (No. 22928)
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 7039
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
E-mail: jbaay@glllaw.com

and

Brian R. Cummings, Esq.
Florida Bar No.: 25854
(*Pro Hac Vice*)
**STINSON LLP**
100 South Ashley Drive, Suite 500
Tampa, Florida 33602
Telephone: 813.534.7334
Facsimile: 813.534.7342

Brian.cummings@stinson.com

*Attorneys for Me and My Pal, Inc., and MMP Capital, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed and served upon all counsel of record electronically with the Clerk of Court using the CM/ECF system, this 31st day of October, 2024.

*/s/ John E. W. Baay II*

*Attorney for Me and My Pal, Inc., and MMP Capital, LLC*